**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>          v.<br><br>ANY AND ALL RADIO STATION<br>TRANSMISSION EQUIPMENT, RADIO<br>FREQUENCY POWER AMPLIFIERS,<br>RADIO FREQUENCY TEST EQUIPMENT<br>AND ANY OTHER EQUIPMENT<br>ASSOCIATED WITH OR USED IN<br>CONNECTION WITH THE<br>TRANSMISSIONS ON FREQUENCY<br>95.3 MEGAHERTZ LOCATED IN 1365<br>SAINT NICHOLAS AVENUE,<br>APARTMENT 31P, WASHINGTON<br>HEIGHTS, NEW YORK,<br><br>                 Defendants-in-Rem. | **FILED UNDER SEAL**<br><br><br>No. 18 Civ. _____<br><br><br><br>**VERIFIED COMPLAINT _IN REM_** |

Plaintiff United States of America, by its attorney Geoffrey S. Berman, United States

Attorney for the Southern District of New York, alleges upon information and belief for its

complaint as follows:

**PRELIMINARY STATEMENT**

1.      Plaintiff brings this action _in rem_ to forfeit and condemn to the use of the United

States, pursuant to 47 U.S.C. § 510, any and all radio station transmission equipment, including

but not limited to FM antennae, coaxial cables, transmitters, FM exciters, equalizers, amplifiers,

mixers, network routers, power supplies, and any other equipment used to transmit on the

frequency of 95.3 Megahertz ("MHz") (collectively, "Defendant Radio Station Equipment")

from the following location at 1365 Saint Nicholas Avenue, New York, New York ("1365 Saint

Nicholas Avenue"): Apartment 31P, including the apartment's exterior windows and/or balcony.

2.      The Defendant Radio Station Equipment is being, or was, used in violation of 47 U.S.C. § 301.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355, as well as 47 U.S.C. § 510.

4.      Venue lies in the Southern District of New York pursuant to 28 U.S.C. §§ 1355(b)(1)(A) and 1395(b), as the Defendant Radio Station Equipment is located within the Southern District and the acts and omissions giving rise to the forfeiture occurred in the Southern District.

## STATUTORY BACKGROUND

5.      The Federal Communications Commission (the "FCC") is an independent federal regulatory agency created by Congress to regulate interstate, intrastate, and foreign radio communications pursuant to the Communications Act of 1934, as amended (the "Act"), 47 U.S.C. § 151 *et seq.*

6.      Section 301 of the Act prohibits the operation of "any apparatus for the transmission of energy or communications or signals by radio from one place in the United States to another place in the United States, except under, and in accordance with, the Act and with a license for that purpose granted under the provisions of the Act." 47 U.S.C. § 301.

7.      The only exceptions to this licensing requirement apply to Federal government operators, certain services that are "licensed by rule" pursuant to Section 307(e) of the Act, and certain non-licensed low-power radio transmitters operating at a power level that complies with Section 15.239(b) of Title 47 of the Code of Federal Regulations (the "FCC Rules"). Section 15.239(b) of the FCC Rules limits such non-licensed, low-power radio transmitters to a field

strength of 250 microvolts per meter (µV/m) at a distance of three meters from the transmitting antenna.  47 C.F.R. § 15.239(b).

8.    Pursuant to Section 510 of the Act, "[a]ny electronic, electromagnetic, radio frequency, or similar device, or component thereof, used . . . with willful and knowing intent to violate section 301 . . . may be seized and forfeited to the United States."  47 U.S.C. § 510.

**FACTS**

9.    On December 30, 2015, the FCC Enforcement Bureau received a complaint from the licensee of a local radio station that an unauthorized, FM broadcast station was operating on 95.3 MHz in New York City, either in Manhattan or the Bronx.

10.    On August 18, 2016, an FCC agent from the FCC Enforcement Bureau's New York Field Office (the "New York Office") began to investigate a group of suspected unauthorized broadcast stations, including the station referenced in the December 30, 2015 complaint.  Using an FCC mobile direction-finding vehicle, the FCC agent detected an unlicensed station operating on 95.3 MHz and determined that the source of the signal was likely located in one of four 32-floor buildings in Washington Heights, New York known as the Rachel Bridge Apartments: 260 Audubon Avenue, 1370 Saint Nicholas Avenue, 1365 Saint Nicholas Avenue, and 111 Wadsworth Avenue.  The FCC agent attempted to locate visually the unauthorized station's FM broadcast antenna but was unsuccessful.

11.    On August 30, 2016, the FCC agent returned to the area with a hand-held spectrum analyzer to measure the unauthorized station's signal at different locations around the exterior of the Rachel Bridge Apartments.  Based on his measurements, the FCC agent confirmed that a station was operating nearby on 95.3 MHz.  The agent further determined that the station's signal reached a maximum strength at the corner of Saint Nicholas Avenue and

3

179th Street, leading him to conclude that the station likely was located within 1365 or 1370 St. Nicholas Avenue. The agent then made an audio recording of the station's broadcast, during which an announcer identified the station as "Rumba FM 95.3."

12.     On April 13, 2017, the FCC agent, through additional measurements, confirmed that an unauthorized station was operating on 95.3 MHz in the vicinity of the Rachel Bridge Apartments. The agent determined that the station's signal was stronger in 1365 Saint Nicholas Avenue. The agent then took relative field strength measurements from the same position in the interior hallway of floors 24 through 32 of 1365 Saint Nicholas Avenue and, detecting the highest signal strength on floors 30 through 32, concluded that the station's transmitter was likely located in an apartment on one of those three floors.

13.     On May 12, 2017, an FCC agent returned to 1365 Saint Nicholas Avenue to investigate further the unauthorized radio station transmitting on 95.3 MHz. After using a hand-held spectrum analyzer to confirm that the station was still operating within or near 1365 St. Nicholas Avenue, the agent measured the station's signal at different locations on the 30th, 31st and 32nd floors. The signal on 95.3 MHz was strongest outside the door to Apartment 31P, which suggested that the station's transmission equipment was located within that unit.

14.     On May 13, 2017, the FCC agent returned to 1365 Saint Nicholas Avenue and, after using a mobile direction-finding vehicle to confirm that a station was operating on 95.3 MHz from that location, recorded a portion of the station's broadcast. During the recording, an announcer identified the station as "Rumba 95.3 La Salsera de New York."

15.     On May 15, 2017, two FCC agents traveled to 1365 Saint Nicholas Avenue and, using a hand-held spectrum analyzer to measure the relative signal strength in the common area

hallways of the building, confirmed that the station's signal was greatest outside Apartment 31P, thereby indicating that the station's transmitter was operating within Apartment 31P.

16.     On May 16, 2017, an FCC agent returned to 1365 Saint Nicholas Avenue to attempt to locate visually an FM broadcast antenna on the exterior of the building. From street level and from the roof of 1370 Saint Nicholas Avenue, the agent observed an FM broadcast antenna on the 31st floor of 1365 Saint Nicholas Avenue.  The antenna appeared to be attached to the fourth window from the corner of Saint Nicholas Avenue and 179th Street.

17.     After again confirming that the unauthorized station was operating on 95.3 MHz, the FCC agent measured the strength of the station's signal at a distance of 1,087 meters from the source of the transmission and determined that the field strength, when extrapolated to three meters, was 823,656 $\mu$V/m, or 3,295 times the permissible level for a non-licensed low power radio transmitter under Section 15.239(b) of the FCC Rules.

18.     On May 22, 2017, the FCC agent contacted Rachel Bridge Corporation, the owner of 1365 Saint Nicholas Avenue, to inquire about the identity of Apartment 31P's tenants and to establish the location of Apartment 31P within the building, when viewed from the building exterior.  A representative of Rachel Bridge Corporation confirmed that the window with the mounted antenna was associated with Apartment 31P and advised that the apartment was leased to Maria Santiago, who lived there with another adult and a minor.

19.     On May 23, 2017, an FCC agent confirmed that a license had not been issued to operate a station on 95.3 MHz at or near Apartment 31P.  The FCC agent also searched public databases and confirmed that Maria Santiago is a tenant of Apartment 31P.

20.     On June 1, 2017, the New York Office issued a Notice of Unlicensed Operation ("Notice") to Maria Santiago at Apartment 31P, 1365 Saint Nicholas Avenue, which was

transmitted by regular and certified mail, return receipt requested.  The Notice advised, among

other things, that an unauthorized radio station was operating on 95.3 MHz from Apartment 31P,

in violation of Section 301 of the Act.  The Notice instructed Maria Santiago to cease

immediately unlicensed operation of the station and outlined the potential penalties for such

violation, including the seizure of equipment, fines, and imprisonment.  The Notice indicated

that Maria Santiago had ten days to respond.

21.     The New York Office did not receive a response to the Notice.

22.     On June 2, 2017, an FCC agent returned to 1365 Saint Nicholas Avenue.  The

agent confirmed that an unauthorized station was still operating on 95.3 MHz from that location

and photographed the FM broadcast antenna attached to an exterior window of Apartment 31P.

The agent then attempted to hand-deliver the Notice to Maria Santiago, but no one answered the

door of Apartment 31P.  The agent then posted a copy of the Notice, along with an FCC Public

Notice regarding pirate broadcasting, on the door of Apartment 31P.

23.     During the same visit to 1365 Saint Nicholas Avenue, the FCC agent encountered

another tenant living on the 31st floor.  The individual knew Maria Santiago and stated that he

believed that she currently lived in Apartment 31P with her husband.

24.     The agent immediately returned to Apartment 31P and observed that the Notice

and the FCC Public Notice had been removed from the door.  An individual who entered

Apartment 31P while the agent was on the premises identified himself as Edwin Santiago and

claimed that Maria Santiago did not live in Apartment 31P and that the apartment did not contain

a radio transmitter.  The agent informed Edwin Santiago that, contrary to his assertion, the agent

had gathered measurements of a broadcast and taken photographs of the antenna mounted to an

exterior window of the apartment.  The agent also provided Edwin Santiago with a copy of the

6

Notice, the FCC's Public Notice on pirate broadcasting, and FCC materials regarding radio frequency radiation safety. Edwin Santiago stated to the FCC agent that he was "going to call Maria Santiago and let her know about all of this."

25.     Later that day, the FCC again conducted measurements and determined that the station was still operating from Apartment 31P.

26.     On June 9, 2017, an FCC agent returned to 1365 Saint Nicholas Avenue and confirmed that an unauthorized radio station was operating on 95.3 MHz from that location. The agent visually confirmed that an FM broadcast antenna was still mounted to an exterior window of Apartment 31P. The FCC agent then measured the field strength of the station's signal and found it to far exceed the statutory limit.

27.     On June 13, 2017, two FCC agents returned to 1365 Saint Nicholas Avenue and again confirmed that the station was still operating on 95.3 MHz from that location. The agents then entered the building and, using a handheld spectrum analyzer to measure the relative signal strength in the common area hallways of the building, reconfirmed that the station's signal was greatest outside Apartment 31P and that the transmitter therefore was located inside.

28.     On June 30, 2017, the New York Office issued a second Notice to Maria Santiago at Apartment 31P, 1365 Saint Nicholas Avenue, which the New York Office transmitted by first class mail and United Parcel Service priority delivery. The Notice advised, among other things, that an unauthorized radio station was operating on 95.3 MHz from Apartment 31P, in violation of Section 301 of the Act. The Notice instructed Maria Santiago to cease immediately unlicensed operation of the station and outlined the potential penalties for such violation, including the seizure of equipment, fines, and imprisonment. The Notice indicated that Maria Santiago had ten days to respond, but the New York Office never received a response.

29.     On July 12, 2017, an FCC agent returned to 1365 Saint Nicholas Avenue to determine whether, following the delivery of the June 30, 2017 Notice, the unauthorized radio station was still operating from that location.  The agent confirmed that the station was operating on 95.3 MHz from 1365 Saint Nicholas Avenue and, from street level, observed that an FM broadcast antenna was still mounted on the side of the building from a window that the building's owner had previously identified as belonging to Apartment 31P.

30.     The FCC agent once again measured the strength of the station's signal at a distance of 1,087 meters from the source of the transmission and determined that the field strength, when extrapolated to three meters, was 771,139 µV/m, or 3,085 times the permissible level for a non-licensed low power radio transmitter under Section 15.239(b) of the FCC Rules.

31.     On January 3, 2018, an FCC agent returned to 1365 Saint Nicholas Avenue and confirmed that the station was still operating on 95.3 MHz at that location and that an FM broadcast antenna was still mounted from a window belonging to Apartment 31P.

32.     The FCC agent once again measured the strength of the station's signal at a distance of 1,087 meters from the source of the transmission and determined that the field strength, when extrapolated to three meters, was 5,279,011 µV/m, or 21,116 times the permissible level for a non-licensed low power radio transmitter under Section 15.239(b) of the FCC Rules.

33.     On January 25, 2018, Plaintiff issued a letter to Maria Santiago at Apartment 31P, 1365 Saint Nicholas Avenue, which included a Notice dated January 24, 2018 and which was transmitted by first class mail and Federal Express.  In its letter, Plaintiff notified Ms. Santiago that it intended to apply for a warrant of arrest authorizing the seizure of Defendant Radio

Station Equipment if Ms. Santiago did not respond to Plaintiff's letter by February 5, 2018. To date, Plaintiff has not received a response from Ms. Santiago.

34.    On February 5, 2018, an FCC agent returned to 1365 Saint Nicholas Avenue and confirmed that the station was still operating on 95.3 MHz at that location and that an FM broadcast antenna was still mounted from a window belonging to Apartment 31P.

35.    The FCC agent measured the strength of the station's signal at a distance of 1,087 meters from the source of the transmission and determined that the field strength, when extrapolated to three meters, was 2,206,521 µV/m, or 8,826 times the permissible level for a non-licensed low power radio transmitter under Section 15.239(b) of the FCC Rules.

36.    As previously stated, no license has been issued for the operation of an FM broadcast station at Apartment 31P; nor has Maria Santiago, the resident of Apartment 31P, filed an application with the FCC to operate a licensed radio station. Therefore, Maria Santiago is operating an unlicensed station on 95.3 MHz in violation of 47 U.S.C. § 301.

37.    Because the Defendant Radio Station Equipment is being used to operate an unlicensed broadcast radio station, seizure and forfeiture of the Defendant Radio Station Equipment is necessary to prevent continuing violations of the Act.

38.    By this action, Plaintiff seeks to seize and forfeit the Defendant Radio Station Equipment, identified above in paragraph 1, in Apartment 31P of 1365 Saint Nicholas Avenue, Apartment 31P, including the exterior windows and balcony. Plaintiff submits that there is probable cause to believe that the devices comprising the Defendant Radio Station Equipment may be found in the stated areas of Apartment 31P because such equipment has been observed mounted to the exterior windows of Apartment 31P, and measurements taken from within the

interior hallways of 1365 Saint Nicholas Avenue confirm that the station is located within Apartment 31P.

## CLAIM FOR RELIEF

39.     Plaintiff repeats and alleges each and every allegation set forth in paragraphs 1 through 38.

40.     The Defendant Radio Station Equipment was used, and continues to be used, for illegal, unlicensed radio broadcast in violation of 47 U.S.C. § 301.

41.     By reason of the foregoing, the Defendant Radio Station Equipment was, and continues to be, used and possessed with willful and knowing intent to violate 47 U.S.C. § 301, and is therefore subject to forfeiture to the United States under the provisions of 47 U.S.C. § 510.

**WHEREFORE,** Plaintiff, the United States of America, requests that a warrant of this Court be issued for the arrest of the Defendant Radio Station Equipment; that the Defendant Radio Station Equipment be forfeited and condemned to the use of the United States; that Plaintiff be awarded its costs and disbursements in the action and for such other and further relief as this Court deems just and proper.


Dated: New York, New York
       February 13, 2018

                                    GEOFFREY S. BERMAN
                                    United States Attorney for the
                                    Southern District of New York
                                    *Attorney for the United States of America*

              BY:    _____
                                    LAUREN ALMQUIST LIVELY
                                    Assistant United States Attorney
                                    86 Chambers Street, 3rd Floor
                                    New York, New York 10007
                                    Tel.: (212) 637-2689
                                    Email: lauren.lively@usdoj.gov

## **VERIFICATION**

1.    I am the Regional Director of the Federal Communications Commission (the "FCC") Enforcement Bureau's Region One, which includes New York, and, specifically, Washington Heights, New York.

2.    I have read the above complaint *in rem* and know the contents thereof.

3.    The matters contained in the above complaint *in rem* are true and accurate to the best of my knowledge, information, and belief.

4.    The source of my information and the grounds for my belief are my personal knowledge, information provided by other FCC agents, and the official files and records of the FCC and other federal agencies.

I declare under penalty of perjury that the foregoing is true, to the best of my knowledge, information, and belief.

Dated: Malone, New York
February 13, 2018

David Dombrowski, Regional Director
Region One
Enforcement Bureau
Federal Communications Commission

11